## NATIONAL BANK OF THE REPUBLIC *vs.* JOHN CONLAN.

The payees of a promissory note indorsed it to a bank for discount in regular course of business, received and used the proceeds, and, on failure of the maker to pay it at its maturity, arranged with the bank not to call upon them as indorsers, but sue the maker; and as part of such arrangement deposited with the president of the bank individually funds to secure the bank against loss on the note. In the action, they were summoned as trustees of the maker, and defaulted. *Held,* that these facts did not affect the rights of the bank as indorsee.

TRUSTEE PROCESS to recover the amount due on a promissory note made by John Conlan and dated September 25, 1866, for $5724.60, payable three months after date to the order of John P. Squire & Co., and by them indorsed to the plaintiffs. Writ dated January 7, 1867. The answer of Conlan alleged that he made the note without consideration ; and further, denied ownership of the note by the plaintiffs, and alleged that it remaini d property of the payees, and that the action was prosecuted for their benefit and to enable them to avoid claims of which he might have availed himself by way of set-off in an action brought in their name. The payees were summoned as trustees, and were defaulted.

To interrogatories filed by the defendant, the president and cashier of the plaintiffs answered, that the note was received by the bank from the payees on September 26, 1866, and discounted in regular course of business ; that the proceeds were carried to

National Bank of the Republic *v.* Conlan.

the credit of the payees on their account with the bank and used by them in common with their other funds there deposited; that after the protest of the note for nonpayment at maturity, Squire proposed to the plaintiffs " that, as the bank had taken the note originally by discounting the same, they should still keep it and sue it themselves and not compel John P. Squire & Co. to take it up first, and that he would in that event secure the bank against loss if the note was not collected of the maker ; that the maker would probably pay it to the bank sooner than he would if taken up by the indorsers ; " that Squire then put into the hands of the president in his unofficial capacity funds " to hold for the parties as security for the bank against all loss on the note," " and the bank consented, and did do as was proposed ; " that the note was sued by the directors and the suit prosecuted for the benefit of the bank ; and that the note was, and ever since it was discounted had been, the property of the bank, and had never been taken up or paid by the payees.

At the trial in the superior court, before *Ames*, C. J., the plaintiffs put the note in evidence, and rested their case ; and the defendant put in evidence his interrogatories and the answers of the plaintiffs, and, " having no further evidence upon this part of his case," asked the judge to rule on the facts thereby disclosed that " he was entitled to make the same defence to the note that he could under his answer if John P. Squire & Co. were the plaintiffs." The judge refused so to rule; and directed a verdict for the plaintiffs. The defendant alleged exceptions.

*S. J. Thomas*, for the defendant.

*A A. Ranney*, for the plaintiffs, was not called upon.

CHAPMAN, C. J. Upon the evidence, which consisted of the note in suit, and the answers of the plaintiffs' president and cashier to the defendant's interrogatories, the jury were correctly instructed to find a verdict for the plaintiffs. For it appeared that the note was indorsed to the plaintiffs by the payees, in the ordinary course of business, before its maturity, and remained their property. The fact that the indorsers had given them security for the note, and had requested them to collect it of

the maker, and the further fact that they had summoned the indorsers as trustees of the defendant, did not affect their rights as indorsees.                                    *Exceptions overruled.*