NEW BEDFORD FIVE CENTS SAVINGS BANK *vs.* UNION MILL
COMPANY & others.

Bristol.   Oct. 28. — Nov. 26, 1879.   COLT & AMES, JJ., absent.

It is no ground for postponing judgment in an action on a promissory note, signed
by a corporation as principal and an individual as surety, that the plaintiff has
proved the note against the estate of the principal in bankruptcy, and that the
amount of the dividend thereon has not been determined.

CONTRACT on the following promissory note signed by the
defendants: " $30,000.   New Bedford, July 14, 1877.   For value
received, we, Union Mill Co. of Fall River as principal, and
S. A. Chace, E. C. Kilburn and F. H. Stafford as sureties,
jointly and severally, promise to pay the treasurer of the New
Bedford Five Cents Savings Bank, or order, thirty thousand
dollars, on demand, with interest, on usual terms 6 per cent."
Stafford alone defended; and the case was submitted to the
Superior Court, and, after judgment for the plaintiff, to this
court on appeal, on an agreed statement of facts in substance
as follows :

The defendant Stafford is liable on the note, unless the follow-
ing facts relieve him, and judgment is to be entered on the note,
unless the court rules that the case is not in a condition for
judgment as matter of law.   Prior to August 1, 1878, the plain-
tiff proved its debt against the Union Mill Company in bank-
ruptcy.   On August 6, 1878, the plaintiff, with the consent of
the defendant Stafford, and upon his written agreement that said
act should not affect his liability, released and discharged E. C.
Kilburn as a co-surety, the latter, by agreement with Stafford,
conveying certain property to trustees under a declaration of
trust.

Propositions have been issued by the trustees of the Union
Mill Company in bankruptcy to the creditors, inviting them
to subscribe to the extent of thirty per cent of their respective
claims, as proved in bankruptcy, to the capital stock of a. new
corporation to be organized under the laws of Massachusetts to
purchase the property and estate of the Union Mill Company.
The defendant Stafford is one of said trustees.   The plaintiff has

never offered to assign its claim to the defendant, unless he took up the note in suit.

*H. K. Braley & M. G. B. Swift*, for Stafford.

*C. W. Clifford*, for the plaintiff.

ENDICOTT, J.   The defendant does not deny his liability, but contends that the case should be continued for judgment until the amount of the dividend of the Union Mill Company can be ascertained and appropriated to the payment of the note.   But we see no good reason why the case should be thus postponed, even if we assume that, as against the plaintiff, the liability of the company and the defendant is that of principal and surety. Where a principal and surety are liable on a note, and both are bankrupts, the holder may prove the amount against each, and receive dividends on the full amount, provided he does not receive in all more than his due ; and when he has received a dividend from the principal, he may maintain an action for the balance against the surety.   *Sohier* v. *Loring*, 6 Cush. 537. *National Mount Wollaston Bank* v. *Porter*, 122 Mass. 308.

In the case at bar, the plaintiff, being the payee of the note, has proved it in bankruptcy against the Union Mill Company, the principal, but has received no dividend.   We are of opinion that he is entitled to judgment against the defendant, who is described in the note as surety ; and, when the defendant has paid it, he will be entitled to stand in the place of the plaintiff, and receive any dividend which may be paid in bankruptcy by the Union Mill Company.   U. S. Rev. Sts. § 5070.

*Judgment for the plaintiff.*