## FOSTER H. STAFFORD *vs.* NEW BEDFORD FIVE CENTS SAVINGS BANK.

Bristol.   Oct. 25, 1881. — March 30, 1882.   MORTON, C. J., W. ALLEN
& C. ALLEN, JJ., absent.

A bank, which held the note of a bankrupt corporation, proved the note in bankruptcy against the corporation, and, before it received any dividend, brought an action on the note against a surety thereon, and obtained judgment. The surety did not pay or tender to the bank the full amount due on the note. Under a resolution of the creditors, confirmed by the bankruptcy court, the estate of the corporation was transferred to trustees, of whom the surety was one, for the purpose of being wound up. The trustees obtained leave from the court to sell the property by public sale. and it was bid off in behalf of the creditors for a sum which was its fair market value at that time, and was afterwards conveyed to a new corporation which was formed by the creditors of the old corporation. The stockholders actually paid in a large amount of the capital stock at its par value in cash, and the balance of the stock was sold by public auction. The money so received was paid to the trustees in bankruptcy, and distributed among the creditors of the old corporation according to their respective interests. The bank paid a certain sum for a number of shares in the new corporation, and received dividends in bankruptcy to an equal amount. This sum was indorsed on the note, and the surety paid the balance due on the note in cash. At the time of payment, the bank assigned and delivered to the surety all the property which it held as security for the payment of the note, but declined to transfer the stock in the new corporation. The surety then brought a bill in equity against the bank to compel such transfer. *Held,* that the stock in question was never held by the bank as collateral security for its claim against the old corporation; and that the bill could not be maintained.

ENDICOTT, J.   The plaintiff in this case was a surety on a note of the Union Mill Company for $30,000, which note was held by the defendant bank. The Union Mill Company became bankrupt, and the bank proved the note in bankruptcy against the company, and before it received any dividend brought an action on the note against the plaintiff as surety, and obtained judgment. It was held in that case, that it was no ground for postponing judgment against the surety that the bank had proved the note in bankruptcy against the company, and that the amount of dividend thereon had not been determined. *New Bedford Five Cents Savings Bank* v. *Union Mill*, 128 Mass. 27. It was said in the opinion, in view of the facts then before the court, that when the surety paid the judgment he would be entitled to stand in place of the bank, and receive any dividends which might be paid in bankruptcy by the Union Mill Company.

Upon the final decision of that case, the surety did not pay or tender to the bank the full amount due on the note; but it appears that, after the action was begun, sundry dividends in bankruptcy had been paid to the bank; these dividends were thereupon deducted from the amount of the note, and the plaintiff paid the balance due thereon to the bank. These dividends were paid under the following circumstances.

Under a resolution of the creditors, confirmed by the court, the estate of the Union Mill Company was transferred to trustees, of whom the plaintiff was one, for the purpose of being wound up. U. S. Rev. Sts. § 5103. The trustees obtained leave from the court to sell the property of the company by public sale, and it was bid off in behalf of the creditors for $500,000, which the master has found was the fair market value of the property at the time of the sale, and was afterwards conveyed to the Union Cotton Manufacturing Company. This company was formed by the creditors of the Union Mill Company, who actually paid in $455,000 of the capital stock, at its par value in cash; the balance of the stock was sold by public auction. The money so received was paid to the trustees in bankruptcy, and distributed among the creditors of the Union Mill Company according to their respective interests. The defendant in this case paid in $12,400 for one hundred and twenty-four shares in the Union Cotton Manufacturing Company, and received dividends in bankruptcy to the amount of $12,443.60. This sum was indorsed on the note, and the plaintiff, with full knowledge of the transaction, for he was a party to it, paid the balance due on the note in cash. At the time of payment the defendant assigned and delivered to the plaintiff all the stocks, property, and claims which it held as security for the payment of the note, but declined to transfer the stock in the Union Cotton Manufacturing Company. The plaintiff now seeks by this bill in equity to be subrogated to all the defendant's rights in the stock, and to compel the defendant to transfer it to him.

The conveyance of the property was in form to a corporation, and the dividends paid in bankruptcy were in form cash dividends; but upon this recital of facts it is plain that the substance of the transaction, intended by all the parties, trustees as well as creditors, was that the creditors should take the

property at the fair market value, in part payment of their claims; it was equivalent to a *pro rata* distribution of the property among them at such a price; and the new corporation was formed to enable them to do this, and as a convenient method to make the distribution. No question is made that it was a fair transaction, and for a fair price. The stock thus taken by the creditors was not taken as security for the payment of their debts, but as an actual payment, which extinguished their debts to the amount of the par value of the stock received by each respectively; not only as against the Union Mill Company, but also as against all persons who might be liable to any creditor as sureties for the company. The defendant, by taking the stock at that price, reduced the liability of the plaintiff on the note to that amount, and took the risk of loss, if the value of the stock should be less than its par value. And the balance paid by the plaintiff on the note could not be ascertained except by treating the dividends, or in other words the stock, received as payment *pro tanto* on the note.

The master has found that there was no agreement or understanding that the plaintiff should be entitled to the transfer of this stock; and, as it was treated by the plaintiff and by all parties as a payment, and not as security, it cannot be said, on the facts presented, as matter of law, that the plaintiff is entitled to such transfer. The defendant never held the stock as collateral security for its claim against the Union Mill Company. The familiar principle, therefore, that a surety is entitled upon his payment of the debt to the securities in the hands of the creditor, has no application.                    *Bill dismissed.*

*T. M. Stetson & H. K. Braley*, for the plaintiff.

*L. S. Dabney & C. W. Clifford*, for the defendant.