*In the matter of the Petition of* W. H. STRICKLER *for a Writ of Habeas Corpus.*

INDEFINITE SENTENCE, *Error in Passing—Illegal Arrest.* In passing sentence on a person convicted of an offense, the court has no power to provide that the imprisonment of the defendant shall begin at some future, indefinite time, depending on the happening of a contingency; and an arrest under such conviction, made after the expiration of the term of imprisonment named in the sentence, is illegal.

*Original Proceeding in Habeas Corpus.*

THE material facts are stated in the opinion herein, filed July 8, 1893.

*B. F. Milton,* and *Slonecker, Wheeler & Switzer,* for petitioner.

The opinion of the court was delivered by

ALLEN, J.: The petitioner, at the September term, 1892, of the district court of Ford county, pleaded guilty to a charge of assault and battery, and thereupon was sentenced by the court, as follows:

"It is the sentence of the law that you, W. H. Strickler, be by the sheriff of Ford county, Kansas, incarcerated in the jail of said county, there to remain for the space of 90 days from the date of this sentence. It is further ordered by the court, that the operation of this sentence shall be suspended during such time as the defendant shall keep the peace with all mankind, and desist from all unnecessary use of intoxicat-

ing liquor, and refrain from becoming intoxicated. It is further ordered, as a condition of this sentence, that whenever the said W. H. Strickler shall violate any one of the above conditions, and upon notice thereof to the sheriff by the prosecuting officer of Ford county, Kansas, or by the judge of this court, the said sheriff shall immediately incarcerate the said Strickler in the jail of said county, and he shall remain there committed until the expiration of 90 days from said date of incarceration, and until the costs of this prosecution have been paid by him. The question as to whether the conditions of this suspension have been broken shall be determined by the prosecuting attorney of Ford county or by the judge of this court, and no judicial investigation shall be required."

And afterward, on the 6th day of May, the clerk of said court issued a commitment consisting of a copy of said journal entry, with the following recital appended thereto:

"And whereas, said defendant, W. H. Strickler, has failed to comply with the conditions of said judgment, you are therefore commanded to take and commit said defendant, W. H. Strickler, to the jail of Ford county, Kansas, there to remain until said judgment be complied with. Given under my hand and official seal at Dodge City, Kas., this 6th day of May, 1893. [Seal.]"

The petitioner was thereupon, on the 15th day of May, 1893, arrested by the sheriff and committed to the Ford county jail. He now asks to be discharged from such restraint by this court.

It will be observed that the attempt to carry this sentence into effect was made after the expiration of 90 days from the date of the sentence, and the question here presented is, whether the district court could lawfully sentence the defendant to imprisonment in the county jail, and then suspend its execution to be enforced at some future time, on the happening of a contingency named in the judgment.

Section 256 of the criminal code reads:

"Where any convict shall be sentenced to any punishment, the clerk of the court in which sentence was passed shall forthwith deliver a certified copy thereof to the sheriff of the county, who shall, without delay, either in person, or by a

general or usual deputy, cause such convict to receive the punishment to which he was sentenced."

While it is usual to delay sentence after conviction until motions for new trials, in arrest of judgment and the like are disposed of, and while it is within the power of the court to continue the hearing of such motions, or for any other good and sufficient cause to withhold sentence, yet, when a sentence has been pronounced by the court, its operation begins at once, and under the section just quoted it is the duty of the sheriff to immediately proceed to carry the sentence into effect. We are not called on to consider the right of the court, at the term at which the conviction was had, to reconsider or modify its own order. In this case it was attempted to hang a sentence of 90 days' imprisonment over the head of the defendant, to be executed at such time as the prosecuting attorney of Ford county or the judge of the court might see fit. This would leave the defendant in a very uncertain situation. He would be unable to tell for an indefinite period whether he was a free man or a convict, and while the sentence in terms might be for but 90 days' imprisonment, it would be in effect far more severe because of the uncertainty as to the time of its execution. Such a sentence is wholly unauthorized by law. The commitment issued thereon is illegal, and does not justify the imprisonment of the petitioner. He will be discharged. (*The State v. Voss*, 80 Iowa, 467; *Weaver v. The People*, 33 Mich. 296; *The State v. Bennett*, 3 Dev. & B. 43; *Commonwealth v. Foster*, 132 Mass. 317.)

All the Justices concurring.