COMMERCIAL NATIONAL BANK *vs.* BARNABAS CLARKE.

Suffolk.   November 18, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Evidence,* Materiality.   *Bills and Notes.   Payment.*

In an action by a bank against an indorser of the promissory note of a corporation indorsed also by the payee to the plaintiff which had discounted it, evidence that the defendant and the payee were directors of the corporation and that a receiver had since been appointed for it, rightly was excluded as immaterial.

In an action by a bank against the first indorser of a promissory note also indorsed by the payee to the plaintiff which had discounted it, it appeared, that after the liability of the defendant and the payee had been fixed by a protest for non-payment and after the bringing of the action, the plaintiff obtained as

security for the note a personal demand note of the payee indorsed by his father and that afterwards the father at the request of the plaintiff replaced this note by a deposit of cash to be held as security for the note in suit. *Held,* that these facts constituted no defence, as the receipt of money from a third person not as payment, but merely as security, did not affect the rights of the plaintiff as against the defendant.

CONTRACT against the defendant as first indorser of a promissory note of the Roxbury Brewing Company for $2,500 dated May 30, 1899, payable in two months to the order of William G. Titcomb and indorsed by him to the plaintiff which discounted it.    Writ dated August 23, 1899.

At the trial in the Superior Court, before *Sherman,* J., the plaintiff introduced in evidence the note in suit, and apparently another similar note for a like amount, and rested.

The defendant admitted his signature, and that he had paid nothing on account of his indorsement.

The defendant offered to introduce the following evidence: That William G. Titcomb, the payee, and the defendant were directors of the Roxbury Brewing Company when the note was made, and that a receiver had since been appointed for that corporation.    This evidence was excluded and the defendant excepted.

By a sworn statement of the plaintiff's cashier, admitted by agreement, the following appeared: On June 10, 1898, two notes of $2,500 each were discounted by the plaintiff, and a cashier's check for the proceeds was given to William G. Titcomb.    These notes, unpaid at maturity, were protested.    In August, 1899, the present action was brought against the first indorser, Barnabas Clarke, to recover the amount of the notes.    On September 21, 1899, the plaintiff felt that it was advisable to have better security for these notes, and obtained as such security the personal demand note of William G. Titcomb, indorsed by his father, Albert C. Titcomb, for the full amount.    Later in the autumn of the same year the plaintiff, having especial need of cash, asked the father to replace these notes with cash.    This was done November 8, 1899, through a check of the New England Steam Brick Company, which was given to the plaintiff at the request of Albert C. Titcomb, the father of William G. Titcomb and the indorser of his note.    The original notes upon which action was brought had remained with the plaintiff from the time of the

first discount up to the present time, and were in the hands of counsel in Boston. William G. Titcomb never paid any money to the bank upon these notes.

At the close of the evidence, a verdict of the jury was waived by both parties, and the defendant requested the judge to rule that the plaintiff was not entitled to recover. The judge refused so to rule, and found for the plaintiff in the sum of $2,758.25; and the defendant alleged exceptions.

It was stated at the argument that there were in fact two notes, for $2,500 each, which were sued on, but in an attempt to simplify the facts they had been treated as one note in the bill of exceptions.

*W. B. Sullivan*, ( *C. W. Ford* with him,) for the defendant.

*M. Morton*, for the plaintiff.

KNOWLTON, J. This case comes before us on the defendant's exception to the exclusion of evidence and to the refusal of the judge to rule as matter of law that the plaintiff was not entitled to a finding.

The evidence that the defendant and William G. Titcomb were directors of the Roxbury Brewing Company and that a receiver has since been appointed for that corporation, was immaterial. It could not affect the liability of the defendant to the plaintiff on the note.

The note was made by the Roxbury Brewing Company with an indorsement of the defendant on the back, and was payable to the order of William G. Titcomb, who indorsed it to the plaintiff. The evidence tended to show that after the liability of both the defendant and Titcomb had been fixed by a protest for non-payment, the plaintiff obtained as security for this note a personal demand note of Titcomb, indorsed by his father Albert C. Titcomb, and afterwards, having especial need of cash, asked the father to replace this note with money, which was done. On the evidence, this cash appears to have been furnished by Albert C. Titcomb, to be held as security for the note in suit, which the bank was trying to collect from this defendant.

The receipt of money from a third person, not as payment of the note, but merely as security, did not affect the rights of the plaintiff against the defendant. The case is like *National Bank of the Republic* v. *Conlan*, 99 Mass. 181. *Exceptions overruled.*