MERCANTILE GUARANTY COMPANY *vs.* G. ARTHUR HILTON.

Suffolk.    January 17, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Pledge. Bills and Notes. Practice, Civil. Evidence,* Proof of foreign law.

A creditor who holds as security the promissory note of a third person given to the debtor for his accommodation and indorsed by the debtor to the creditor, and also holds as collateral other security given to him by the debtor, need not exhaust the other security before suing on the note.

In an action by the indorsee of a promissory note against the maker, it appeared that the note was given by the maker to the payee, a corporation, for its accommodation and was indorsed and delivered by the payee to the plaintiff as collateral security for the indebtedness of the payee to the plaintiff under a certain contract, and that the plaintiff's right to recover depended on whether anything

was due to the plaintiff from the payee under this contract and if so how much was due. A clerk of the plaintiff, who also was assistant treasurer of the payee, testified that a large balance was due to the plaintiff from the payee under the contract, and there was no direct evidence to meet this, although the defendant contended that the testimony of this witness was weakened by circumstances which appeared in evidence. The presiding judge ordered a verdict for the plaintiff. *Held,* that, although if the jury believed the testimony at the trial they would have been required to find a verdict for the plaintiff, yet the question was one of fact and the burden was on the plaintiff to show that he was a holder for value, and the case should have been submitted to the jury.

Where the law of another State is material for the purpose of showing whether a certain contract was usurious and the only evidence of the law of the other State introduced at the trial consisted of certain statutes, this court cannot consider decisions of the courts of that State cited at the argument upon the question of what the law of that State is.

SHELDON, J.    This is an action of contract by the indorsee against the maker of two promissory notes. There was evidence that the notes were given by the defendant to the F. J. Quinby Company for its accommodation, and that before they were due the Quinby Company indorsed them to the plaintiff as collateral security for its indebtedness to the plaintiff under a contract between them. There was no dispute at the trial that, subject to a question of usury which was raised, the plaintiff's right to recover depended upon the question whether there was anything due to it from the Quinby Company under this contract, and if so what amount was so due. Testimony was given by one Buckner who was a clerk in the plaintiff's employment and also assistant treasurer of the Quinby Company that there was a balance of at least $13,000 due under this contract from the Quinby Company; and there was no direct evidence to meet this, although the defendant contended that the testimony of Buckner was somewhat weakened by circumstances which appeared in evidence.

The judge ordered a verdict for the plaintiff; and the case comes before this court on the defendant's exceptions.

We do not doubt that if the jury believed the testimony put in at the trial they would have been required to find a verdict for the plaintiff. The fact that the plaintiff held other security from the Quinby Company would not prevent it from enforcing this security for its protection. Creditors have a right to hold and enforce all their security until they shall have been paid in full. *New Bedford Five Cents Savings Bank*

*v. Union Mill Co.* 128 Mass. 27.   *Lincoln* v. *Bassett*, 23 Pick. 154. *Lee* v. *Butler*, 167 Mass. 426.   *Allen* v. *Woodard*, 125 Mass. 400. *Crocker* v. *Gilbert*, 9 Cush. 131.   *Commercial National Bank* v. *Clarke*, 180 Mass. 249.   But while this is so, it yet remains true that this is a question of consideration and must be passed upon by the jury.   The burden was on the plaintiff to show that it was a holder for value.   *Huntington* v. *Shute*, 180 Mass. 371.   In *Barker* v. *Loring*, 177 Mass. 389, the defendant did not call the attention of the judge at the trial to his contention that one issue had not been presented to the jury.

The question whether the contract between the plaintiff and the Quinby Company was usurious depended upon the law of New York.   The only evidence of this law put in was certain statutes of the State of New York.   At the argument in this court several New York decisions have been cited, which of course we cannot consider since this is here a question of fact, upon which we can look only to the evidence offered at the trial.   *Haines* v. *Hanrahan*, 105 Mass. 480.   As there must be a new trial for the reason already stated, and as it appears probable that there then will be further evidence presented which will be material upon this question, we deem it better not now to pass upon it.

The other exceptions taken have not been argued, and we treat them as waived.

*Exceptions sustained.*

*H. J. Jaquith*, for the defendant.
*O. Ray*, for the plaintiff.