*In re* GEORGE A. MURPHY, *Petitioner.*

No. 15,718.   (98 Pac. 214.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Sentence—Release Pending Issuance of Commitment.* The sentence of a police judge of a city of the first class that a defendant duly convicted before him shall pay a fine and be imprisoned in the city jail is not made void by the addition that the defendant shall go upon his own recognizance until an order of commitment is issued.

2. HABEAS CORPUS—*Delay in Issuing Commitment—Unexpired Term of Imprisonment.* When the commitment is issued upon such a sentence before the time of imprisonment prescribed therein has expired, the defendant, imprisoned thereunder, applying for his release before the time so fixed for imprisonment has elapsed, must be remanded.

*In re* Murphy.

Original proceeding in *habeas corpus*. Opinion filed November 7, 1908. Petitioner remanded.

*J. A. Brubacher,* and *James Conly,* for petitioner.

*Fred B. Stanley,* for respondents.

The opinion of the court was delivered by

BENSON, J.: The petitioner was sentenced upon his plea of guilty of maintaining a common nuisance in violation of an ordinance of the city of Wichita. The sentence, pronounced September 10, was as follows:

"It is therefore adjudged by the court that the defendant, George A. Murphy, pay unto the city of Wichita a fine in the sum of one hundred dollars, and that he be imprisoned in the city jail for the period of thirty days and until such fine and the costs of this action are paid.

"It is further ordered that the said defendant be allowed to go upon his own recognizance until order of commitment is issued herein. It is further adjudged by the court that the intoxicating liquors seized upon the search and seizure warrant issued herein and described in the return of said warrant as herein set out be forfeited, and such intoxicating liquors are hereby forfeited and ordered destroyed."

On October 3 a commitment was issued, reciting the judgment and containing the following order:

"Now, therefore, this is to command you to take and commit the said defendant, George A. Murphy, to the city jail of said city of Wichita for such time as is by said judgment and sentence of the court ordered and decreed."

The petitioner was released from custody on this writ of *habeas corpus* on October 4, upon bond, pending the hearing in this matter. He bases his right to a discharge from imprisonment upon the following grounds: (1) That the sentence was so indefinite as to be void; (2) that imprisonment for thirty days from October 3 is not authorized by the judgment; and (3) that at the time the writ was returned, October 14, the period fixed for imprisonment had expired.

The statute governing procedure before justices in criminal trials provides that a judgment of conviction shall be executed by virtue of a warrant reciting the judgment and commanding the officer to execute it (Justices' Crim. Code, § 19), and this provision is made applicable to proceedings in the police court of cities of the first class (Gen. Stat. 1901, § 807). The commitment is the authority for holding the prisoner, and in the regular course of procedure precedes the imprisonment. The notation in the judgment, so far as it implied that such a commitment should be issued, only stated upon the docket what would have been implied had the statement been omitted. The provision that the defendant might go upon his recognizance until the commitment should be issued does not necessarily mean that he shall thus be released for an unreasonable time, or beyond the thirty days, so as to entail upon the defendant the hardships referred to in the opinion in *In re Strickler, Petitioner,* 51 Kan. 700, 33 Pac. 620. It was there said:

"It will be observed that the attempt to carry this sentence into effect was made after the expiration of ninety days from the date of the sentence, and the question here presented is whether the district court could lawfully sentence the defendant to imprisonment in the county jail, and then suspend its execution, to be enforced at some future time on the happening of a contingency named in the judgment." (Page 701.)

In that case the petitioner was first committed to jail after the expiration of the time named in the sentence; here the commitment was issued and the petitioner imprisoned before the time prescribed in the sentence had expired. If that period began at the date of the sentence, as claimed, the effect of delay in issuing the commitment would be to shorten the term of actual confinement. The question whether the petitioner can be lawfully held beyond that time is not presented in this record, for he was not so held when this proceeding was begun. We conclude that the sentence was not

void, and that the police judge had not lost his authority to issue the writ at the time it was placed in the hands of the officer.

The claim that the petitioner can not be remanded because the return was made after thirty days from the date of the sentence had elapsed can not be sanctioned. None of the time during which he was allowed his liberty pending this hearing can be considered as part of the period of confinement under the sentence.

The petitioner is remanded.