# CHARLESTON.

## Ex Parte Lyda Fisher.

Submitted January 15, 1924.    Decided January 15, 1924.

1. Criminal Law—*Discretion of Courts and Imposition of Penalties Does Not Extend to Mitigation or Nullification.*

    While the courts of this state under the constitution have inherent power and discretion in the trial of criminal cases and imposition of the penalties fixed by law, sufficient for orderly conduct of the business and the wise performance of their duties, such inherent power and authority does not extend to mitigation or nullification of the penalties directed to be imposed by law.    (p. 399).

2. Same—*Courts Without Power to Suspend Lawful Sentence, Except Temporarily to Test Legality of Judgment.*

    The courts of this state have no inherent power to suspend a lawful sentence imposed as punishment for crime, except for short periods in which proceedings may be had to test the legality of the judgment.    (p. 399).

3. Same—*Indefinite Suspension of Sentence, Except to Test Legality or During Good Behavior, Void.*

    Where there is incorporated in the judgment pronouncing the sentence of the law for a crime a suspension of the enforcement of the sentence for an indefinite or fixed period, except as stated in point 2, or during good behavior, such suspension is void, and does not affect the force and validity of the sentence.    (p. 400).

4. Same—*Void Suspension Does Not Prevent Execution of Sentence, Even Though Longer Period Elapsed After Imposition Than Sentence Itself.*

    Such void suspension does not prevent the execution of the sentence even though a longer period has elapsed after the sentence was imposed than that for which the convict was sentenced.    (p. 401).

5. Habeas Corpus—*Prisoner Incarcerated After Suspension of Sentence, at Time Subsequent to Expiration of Sentence, Will Not be Discharged on Habeas Corpus.*

    Where a jail sentence has been legally imposed, and suspended by the court at the request of the prisoner; and he is arrested and placed in jail to serve the sentence at a time

subsequent to the expiration of the period for which he was sentenced, he is not illegally deprived of his liberty, and will not be discharged on writ of *habeas corpus*. (p. 401)..

Original application by Lyda: Fisher for write of habeas corpus.

*Prisoner remanded.*

*J. Raymond Gordon*, for petitioner.

*D. L. Salisbury*, for respondent.

Lively, Judge:

Lyda Fisher, being arraigned on the 25th day of June, 1923, in the Intermediate Court of Kanawha County: on an indictment charging her with a violation of the prohibition law, pleaded guilty, and a fine of $100 was assessed against her and a jail sentence of thirty days imposed. Upon her motion the sentence was suspended until the first day of the next regular term, which was the first Tuesday in the following October. It appears that she gave bond for her appearance at the first day of the next regular term, but failed to appear. Afterwards, in the month of December, she was arrested on a capias and placed in jail to serve her sentence. She applied for and obtained a writ of habeas corpus from a judge of this court. In her petition she sets out the above facts and asserts that the court was without power to suspend the sentence imposed; that the suspension was invalid and of no effect; that the sentence has expired by its own operation; and that she is held by the sheriff in the county jail illegally and without authority of law. In obedience to the writ the sheriff produced the petitioner in court and filed his return setting out substantially the same facts as are set forth in the petition concerning the crime and indictment therefor, confession, sentence and the suspension thereof by the court until its next regular term in October; and denying that the court was without power to suspend sentence; that upon her failure to appear at the October term she was arrested by him upon legal process issued from said court and is now legally confined in jail to serve the sentence imposed upon her.

The case was submitted upon oral argument and briefs.

Petitioner says she is illegally deprived of her liberty, (1) because the court exceeded its jurisdiction and abused its power by suspending the sentence even though it was upon her own motion and by her consent; (2) that the period of time for which she was sentenced having expired before she was arrested and incarcerated, the crime for which she confessed has been expiated by the running of time; that in contemplation of law she has been in custody for the period of the sentence, and has technically served out that sentence. The prosecutor says, (1) that the court had inherent power to suspend the operation of the sentence; that the suspension was for her benefit on her motion and agreement and she is now estopped from complaining of error (if any there be) which she induced; (2) that even if that part of the sentence suspending its operation is void, the sentence is valid, and although the period of the sentence has expired she has not expiated her crime, which can be done only by actual incarceration.

It will be seen that two controlling questions are presented: (1) Did the court have power to suspend the sentence? (2) If the actual suspension (by reason of the suspending part of the order) extended beyond the time when the sentence, if enforced, would have expired, would that fact render the sentence unenforceable now?

On both of these questions there is considerable conflict in the decisions. The United States Supreme Court, and the Federal courts generally, hold that those courts do not have inherent power to suspend the operation of sentences legally pronounced. A well considered and logical opinion was written by Chief Justice White in the case of *Ex parte U. S. Petitioner,* for writ of mandamus, reported in 242 U. S. 27, handed down December 4, 1916. The District Court of the United States for the Northern District of Ohio had pronounced the sentence of the law upon a person convicted in that court and had entered an order indefinitely suspending its operation. The United States proceeded by mandamus from the Supreme Court to compel the judge of the District Court to carry out the sentence. The defense was, among other points, that the court had inherent judicial power to

suspend its sentences where the exigencies of the case required and that this power of suspension was inherited from the common law. The contention that the courts had inherent power to suspend was denied as existing under our system of government, which grants power of reprieves and pardons to the executive branch only. The common law in that regard was examined by the Chief Justice, and he said that he was unable to perceive any ground for sustaining the proposition that at common law the courts possessed or claimed the right to suspend sentences except for temporary purposes. An examination of Blackstone's Commentaries and Hale's Pleas of the Crown will confirm the opinion of the Chief Justice in that regard. When our constitution was adopted it continued in force such parts of the common law which were not repugnant to the constitution, and continued the same in force until altered or repealed by the legislature. Const. Art. 8, sec. 21. Even if the courts at common law had the power to suspend sentences it would be doubtful if we could reconcile that practice with our system of government. A suspension is nothing more than a reprieve, and an indefinite suspension is equivalent to a pardon or at least putting it in the power of the court to judge whether or not a duly convicted criminal should be punished. It would nullify the punishment for crime which is fixed by the legislature and which it is the duty of the judiciary to impose. A sentence is a judgment of the court formally declaring to the accused the legal consequences of the guilt for which he has been convicted or has confessed. It is not, strictly speaking, the act of the court, but the judgment of the law which the court is commanded to pronounce. In some of the states the power to delay sentence and to suspend sentence after pronounced is expressly given by statute; in others the decisions are based upon the supposed common law power and upon the fact that it has been exercised by courts in those states for a long time and has become a fixed part of criminal procedure. *People* v. *Court of Sessions,* 141 N. Y. 288; *Weber* v. *State,* 58 O. St. 616; 41 L. R. A. 472; *Sylvester* v. *State,* 65 N. H. 193. Other courts deny discretionary power to suspend sentence unless conferred by statute. The following are a few: *Gray* v. *State,* 107 Ind. 177; *Miller* v. *Evans,* 115 Iowa, 101; *Neal* v. *State,*

104 Ga. 509; *In re Markuson*, 5 N. D. 180; *In re Webb*, 89 Wis. 354; *U. S. v. Wilson*, 46 Fed. 748; *People* v. *Barrett*, 202 Ill. 287; *Commonwealth* v. *Maloney*, 145 Mass. 205; *In re Beck*. 63 Kans. 57; *Richardson* v. *Commonwealth*, 131 Va. 802, where the court said that the weight of authority is that, under the common law, courts do not possess power to delay the imposition or execution of sentences for crime except temporarily, as for instance, in order to give time for motion for new trial, writs of error or to determine the precise sentence to be imposed. Somewhat pertinent is our case of *State* v. *Thompson*, 80 W. Va. 701. A citation to numerous other authorities will be found in 16 C. J. p. 1333, sec. 3139, where the text reads as follows: "According to the weight of authority, after sentence has been pronounced, the court has no power indefinitely to suspend its execution, either in whole or in part, and any such order made after judgment, or as a part thereof, is to that extent wholly void, even though consented to by defendant, for the reason that it is in effect usurping the pardoning power which is lodged elsewhere." By weight of authority and reason we hold that the courts of this state have no inherent power to suspend sentences imposed as punishment for crime, except for short periods in which proceedings may be taken to test the legality of the judgment. And where there is incorporated in a sentence for crime a suspension thereof for an indefinite or fixed period, or during good behavior, such part of the order is void and is of no effect. It has no more effect upon the sentence and its operation than if it was not there, and should be treated as mere surplusage.

We come to the other question: Did this void provision of suspension by which the operation of the sentence was stayed, make the sentence unenforceable after the time for which the sentence was imposed has passed? On this proposition there is diversity of opinion. The weight of authority seems to be that such unauthorized order suspending the execution of the sentence does not prevent the subsequent enforcement thereof because the validity of the judgment is not affected by such order, even though it is made a part of the sentence, and may be enforced at any time after its rendition so long as it remains unexecuted, either before or after the term of court

when it was imposed. Cases which negative this proposition are: *U. S.* v. *Wilson,* 46 Fed. 748; *Ex parte Clendenning,* 22 Okla. 108; *Ex parte Peterson,* 19 Idaho, 433, *In re Strickler,* 51 Kans. 700; *State* v. *Sapp,* 87 Kans. 740, 42 L. R. A. (N. S.) 249. Among the cases which hold to the contrary, that is, that the incorporation of a void suspending order in the sentence does not prevent the imposition of the sentence after the expiration of the period for which the defendant has been sentenced and until actually satisfied by incarceration, if such be the sentence, are: *State* v. *Abbott,* 87 S. C. 466; 23 Ann. Cas. 1912B, 1189; *Sylvester* v. *State,* 65 N. H. 193; *State* v. *Hatley,* 110 N. C. 522; *Tanner* v. *Wiggins,* 54 Fla. 203; *Ragland* v. *State,* 55 Fla. 157; *Fuller* v. *State,* 100 Miss. 811, 31 Ann. Cas. 1914A, p. 98; *Brabandt* v. *Commonwealth,* 157 Ken. 130 and *Reese* v. *Olson,* 44 Utah, 318. The reasons for these diverse holdings may be found in two cases which might be termed representative of each class, namely, *Ex parte Clendenning,* 22 Okla. 108, holding that where the time has expired for the original sentence by reason of a suspension of the order the prisoner is discharged; and conversely, *State* v. *Abbott,* 87 S. C. 466, written by Judge Woods, who is now a member of the United States Circuit Court of Appeals of this, the Fourth circuit. It would be useless to reiterate or comment upon the reasons given in these various cases for the diverse holdings. It suffices to say that we are in accord with the weight of authority that such void suspension order does not *ipso facto* relieve the convict from serving his sentence. It would be highly technical to hold otherwise, and in this particular case the suspension was induced by the motion of the prisoner and at her request, and she ought not to be allowed to be discharged by an error induced by herself. While at large under this void suspension order she is in the same situation as if she had escaped from custody, and it is well settled that in such cases the sentence is not satisfied until it has been actually served. I Bishop's Crim. Proc. 4 Ed p. 1384.

The prisoner has not been deprived of her liberty unlawfully, and she will be returned to the custody of the sheriff.

*Prisoner remanded.*