No. 26,392.

In the Matter of the Application of STANLEY EGNATIK for a Writ of Habeas Corpus.

### SYLLABUS BY THE COURT.

CRIMINAL LAW—*Sentence—Delayed Commitment.* The petitioner was convicted in the city court of Kansas City, of violating the prohibitory liquor law, was fined and sentenced, and appealed to the district court, giving bond for his appearance. He permitted his appeal to be dismissed by failing to appear for trial. The case was remanded to the city court and commitment issued approximately one year thereafter. *Held,* the delay did not entitle the petitioner to immunity from the sentence imposed.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed January 9, 1926. Affirmed.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the petitioner.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *Harry Hayward,* county attorney, *Thomas H. Finigan* and *David E. Henderson,* assistant county attorneys, for the respondent.

Criminal Law, 16 C. J. p. 364 n. 33.

The opinion of the court was delivered by

HOPKINS, J.:   The petitioner was convicted in the city court of Kansas City, of violating the prohibitory liquor law, sentenced to pay a fine of $300 and costs, and to serve ninety days in jail.   He appealed to the district court, giving bond December 21, 1923.   His appeal was docketed, and later, on February 7, 1924, dismissed because he did not appear for trial.   The appeal was remanded to the city court, and approximately a year thereafter, under a commitment issued by the clerk of the city court, he was committed to serve his sentence.   He thereupon filed his petition to the district court for a writ of habeas corpus.   It was heard and denied, and he appeals.

The petitioner contends that the commitment, having been issued more than ninety days after his sentence, and after his appeal was dismissed, was noneffective and could not be enforced. He relies largely on *In re Strickler, Petitioner*, 51 Kan. 700, 33 Pac. 620; *State, ex rel., v. Sapp*, 87 Kan. 740, 125 Pac. 78; and *In re Krig*, 105 Kan. 695, 185 Pac. 1044.

It will be noted that in the Strickler case the trial court endeavored to suspend the operation of sentence "during such time as the defendant shall keep peace with all mankind and desist from all unnecessary use of intoxicating liquor and refrain from being intoxicated," etc.   In the other cases cited there were what may have been extenuating circumstances which made subsequent attempts at incarceration ineffective.   The sentences were indefinite, continued and uncertain.   They are distinguished from the instant case because here the judgment was definite and certain, its execution, only, was delayed.   In the Strickler case and in *In re Murphy*, 78 Kan. 840, 98 Pac. 214, it was said that the general rule is that when a sentence has been pronounced by the court its operation begins at once.   But the rule there announced is not applicable here because the petitioner himself precluded operation by appealing.   The instant case falls more clearly within the principles announced in *State, ex rel., v. Piper*, 103 Kan. 794, 176 Pac. 626, where it was said:

"Some precedents are cited by defendant touching the rights of a person to be discharged from custody at or after the expiration of the date on which the term of imprisonment would have expired if the person had been promptly incarcerated when the sentence was pronounced.   But there are many obvious

exceptions to that rule. Delay in beginning the term of imprisonment for any good reason, such as an appeal and stay of proceedings, the death or resignation of the magistrate or of the officer charged with the execution of the commitment, the breach of a recognizance and escape or hiding of the person convicted or his resistance and defiance of the court's processes—or other delays which might be suggested—would not defeat the state nor give immunity to a person convicted under a penal statute." (p. 799.)

Having himself procured delay of the execution of sentence, the petitioner cannot complain.

The judgment is affirmed.