No. 27,319.

WILLIAM VAN VALKENBURG, *Petitioner*, v. WILLIAM H. MACKEY,
Warden of the Kansas State Penitentiary, *Respondent.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Sentence—Stay of Execution—Time of Expiration—Conclusiveness of Journal Entry.* The question as to the time of expiration of a stay of execution granted by the court in a criminal case is conclusively settled by the journal entry of the proceedings, even though such entry was not made until the controversy had arisen; and the recitals of such journal entry are not open to contradiction or modification by oral testimony or memoranda of the judge on the trial docket.

2. SAME—*Stay of Execution—Leaving County with Consent of Sheriff or County Attorney—Effect on Time to be Served.* The consent of either the sheriff or county attorney, or of both of them, made without authority from the court, that the defendant in a criminal case shall leave the county before the expiration of a stay of execution and remain at large, cannot relieve him from serving full time under the sentence after being taken into custody.

3. SAME—*Stay of Execution—Time to be Served not Affected.* A stay of execution for one week made in a criminal case by the court at the time sentence is pronounced, upon the application of the defendant and for his benefit, is valid and does not entitle him to a credit of that period on his time of confinement or otherwise affect the time he shall serve.

Original proceedings in habeas corpus. Opinion filed December 11, 1926. Writ denied.

*Benjamin F. Endres* and *Keefe O'Keefe,* both of Leavenworth, for the petitioner.

*Charles B. Griffith,* attorney-general, and *Roland Boynton,* assistant attorney-general, for the respondent.

The opinion of the court was delivered by

MASON, J.: On May 9, 1925, William Van Valkenburg, having pleaded guilty to a charge of having violated the prohibitory law after a previous conviction thereunder, was sentenced to confinement in the penitentiary for one year. He was delivered by the sheriff to the warden on March 16, 1926. He applies to this court for discharge upon habeas corpus on the ground that a year had been permitted to elapse since the sentence, under such circumstances as to constitute a satisfaction of the judgment and a bar to its further execution.

1. The following is the petitioner's version of the facts, supported

Criminal Law, 16 C. J. pp. 1316 n. 43, 1317 n. 55, 1372 n. 49, 1373 n. 73.

by his own testimony and corroborated in part by that of the sheriff: At the time of the sentence the court ordered a stay of its execution until May 16. On that day the sheriff took him into custody and then voluntarily released him by direction of the county attorney, upon his signing an agreement to leave the county for a year.

The respondent's version is this: The order made at the time of the sentence was that its execution was, upon the defendant's application, stayed until five o'clock on May 16, to enable him to close up his affairs. The sheriff undertook to assume custody of the defendant on the morning of the 16th. The county attorney at the time understood the stay had expired, but upon looking up the journal entry it was found it did not expire until five o'clock. After five o'clock the defendant was not in custody nor was opportunity afforded for his arrest.

The journal entry referred to was a paper reciting the proceedings in relation to the sentence, and bearing the signatures of counsel for both sides and of the judge. It was marked, "Filed May 21, 1925," from which the petitioner undertakes to draw the inference that it was not signed until that day. The testimony of the county attorney indicates it was available for inspection as a record on the 16th. That, however, is quite immaterial. The journal entry, no matter when it was made, is conclusive evidence of what took place in connection with the proceedings to which it relates, and establishes the fact that the stay of sentence did not expire until five o'clock of the 16th. The petitioner relies upon the circumstance that the memorandum made by the judge on the trial docket did not mention the hour at which the stay of execution was to expire, but this omission could not in any degree impair the force of the official record of the action of the court. (*Pennock v. Monroe*, 5 Kan. 578; *Gilmore v. Salt Co.*, 92 Kan. 18, 20, 139 Pac. 1168.)

2. There was no corroboration whatever of the petitioner's story of his having signed an agreement to leave the county for a year. But if it were true it could avail him nothing. No agreement or action of either the sheriff or county attorney, or of both of them, made without authority from the court, could relieve the defendant from the effect of the sentence. *In re Jennings*, 118 Fed. 479, is cited as indicating the contrary, but that case is readily distinguishable from the present, for there the United States marshal whose duty was to convey a defendant to the penitentiary in execution of a sen-

tence, surrendered him to the marshal of another district, where he was tried, convicted and sentenced for a different offense, for which he was imprisoned. It was held that the time for which he was first sentenced ran during the proceedings in the second case. There the defendant was held in custody from the time he was placed in the hands of the marshal on the first sentence. Here the defendant was at liberty—free from all restraint—until he was found and taken into custody in March, 1926.

3. *In re Strickler, Petitioner,* 51 Kan. 700, 33 Pac. 620, with more or less similar cases, is also cited in behalf of the petitioner. There an attempt to stay the execution of a sentence indefinitely and upon condition, in order that a threat of punishment might be held over the defendant as a disciplinary measure, was held to be ineffective. The stay granted here was for a short, definite time upon application of the defendant and for his benefit. In any event it 'could have reduced the time of his service in the penitentiary no more than a week—the period for which it was granted. (*In re Murphy,* 78 Kan. 840, 842, 98 Pac. 214.) But the brief stay of the execution of the sentence, made at the time it was pronounced, was not open to the objections made in the Strickler and like cases. It was within the class thus referred to:

"Delay in beginning the term of imprisonment for any good reason, such as an appeal and stay of proceedings, the death or resignation of the magistrate or of the officer charged with the execution of the commitment, the breach of a recognizance and escape or hiding of the person convicted or his resistance and defiance of the court's processes—or other delays which might be suggested—would not defeat the state nor give immunity to a person convicted under a penal statute." (*State, ex rel., v. Piper,* 103 Kan. 794, 799, 176 Pac. 626.)

The case has been heard, in accordance with the practice in cases where the points in controversy can as readily be determined in that manner, upon application for the issuance of the writ and objections thereto.

The writ is refused.