STATE *ex rel.* GEORGE CALANDROS *v.* CLAUDE GORE, *Sheriff, etc.*

(No. 9594)

Submitted March 4, 1944. Decided March 14, 1944.

*T. C. Townsend,* for petitioner.
*W. F. Damron,* for respondent.

RILEY, JUDGE:

Relator, George Calandros, seeks the issuance by this Court of a writ of *habeas corpus ad subjiciendum* against the respondent, Claude Gore, Sheriff of Logan County, on the ground that he is illegally imprisoned in the jail of that county.

From the petition and respondent's answer the following facts appear:

On January 27, 1943, the Circuit Court of Logan County fined relator two hundred dollars and sentenced him to confinement for a period of ninety days in the county jail, after relator had entered a plea of guilty to an indictment for a misdemeanor. Service of the jail sentence actually began on February 2, 1943, and continued until March 1, 1943, when the circuit court in vacation ordered relator's release from jail and placed him on probation for a period of two years. On February 12, 1944, a deputy of respondent served upon Calandros a rule to appear before the Judge of the Circuit Court of said county at nine o'clock a. m., on February 16, 1944, "to show cause, if any he can, why probation heretofore granted to him should not be revoked". At a continued hearing held on February 18, 1944, the State introduced evidence to support its claim of violation of probation, while relator appeared specially in person and by counsel "for the sole purpose and no other, and does hereby move the court to quash the rule, to show cause heretofore referred to, and to·discharge the defendant". The grounds asserted for quashing the rule are: (1) That the order placing relator on probation entered after he had served more than ten days of sentence was under Code, 62-12-3, a nullity; (2) that relator "remained and still is at liberty upon said probation order at the time of" the hearing; and (3) that the ninety-day period of sentence had expired.

The trial court, agreeing that entry of the probation order was erroneous, revoked it but held also that under the evidence adduced, Calandros had violated the terms

of his probation, and committed him to jail to serve out the remainder of the original sentence.

Relator presents the theory here that the suspension order of March 1, 1943, is void and consequently the rule issued thereon was not a proper vehicle for his reincarceration.

"The courts of this state have no inherent jurisdiction to suspend a lawful sentence imposed as a punishment for crime, except for short periods in which proceedings may be had to test the legality of the judgment." Pt. 2, syl., *Ex parte Fisher,* 95 W. Va. 397, 121 S. E. 287; *State* v. *Thompson,* 80 W. Va. 698, 93 S. E. 810. See also *State* v. *Zolantakis,* 70 Utah 296, 259 P. 1044, 54 A. L. R. 1463, note 1471-1485. In the *Fisher* case, Judge Lively speaking for the Court, based the holding upon constitutional grounds. Therein a suspension of sentence was likened to a reprieve, and the opinion suggests that the exercise by a trial court of the power to suspend a lawful sentence is a usurpation of the executive power to grant pardons and exercise clemency. To like effect see *Ex parte, U. S., Petitioner,* 242 U. S. 27, 61 L. ed. 129, 37 S. Ct. 72. It follows that we must look to the provisions of Chapter 62 of the West Virginia Code, as amended by Chapter 27, Acts West Virginia Legislature, 1939, to determine whether the statute vests in trial courts the power in criminal cases to suspend sentences imposed as a punishment for crime, and if so whether there has been a sufficient compliance with the provisions of the statute. Section 1 provides: "Any court of record of this state having original jurisdiction of criminal actions shall have authority as provided in this article to place on probation any person convicted of a crime."; and Section 3, among other things, limits the exercise of the right of suspension by courts of record to the ten-day period immediately following the prisoner's commitment. Here the order of suspension was not entered until twenty-eight days after relator's imprisonment began. The power vested in the trial court being wholly statutory in origin, we are

of the opinion that entry of the order of probation exceeded the authority accorded by Section 3, and is void and a nullity.

It seems clear from the proceedings which took place on the day on which the criminal court re-committed relator to jail that the notice given to him to appear was intended to be in pursuance of Section 10, Chapter 27, Acts 1939, which prescribes the procedure for revoking a valid probation order. It provides, in part, that the court which placed the individual on probation "may issue an order for his arrest". In the instant proceeding the notice served was in the form of a rule to show cause why his probation should not be revoked — a form which is readily recognized as a civil process. In the field of criminal procedure, arrest of one subject to criminal process is accomplished through issuance of a warrant (Code, 62-1-2), capias or summons (Code, 62-2-13). A rule to show cause is a process to which the person to whom it is directed may or may not respond by appearance before the issuing tribunal; but the direction of the criminal process is a compelling one. It is evident that the order to arrest an individual, who is at liberty under a valid probationary order, contemplated by Section 10 is of the latter type. Section 10 deals with revocation of a valid order of probation, while the instant proceeding concerns only a void one. The legal effect of such void order is to place relator at large without authority of law. In *Ex parte Fisher, supra,* page 402, it was said that "While at large under this void suspension order she is in the same situation as if she had escaped from custody and * * * in such cases the sentence is not satisfied until it has been actually served." Relator's status is somewhat analogous to that of an escapee. He may be apprehended whenever found within the limits to which the arresting officer's power of arrest extends; and the court which originally granted the probation invalidly, where the prisoner is in its presence, without prior thereto issuing a rule upon the prisoner to show cause why

the revocation order should not be revoked, may eliminate the probation and order the prisoner to be confined. *U. S. ex rel. Campbell* v. *Bishop,* 47 F. 2d 95. Accordant: *Neal* v. *State,* 104 Ga. 509, 30 S. E. 858, 42 L. R. A. 190, 69 Am. St. Rep. 175; *Norman* v. *Rehberg,* 12 Ga. App. 698, 78 S. E. 256; *Dawson* v. *Sisk, Judge,* 231 Ia. 1291, 4 N. W. 2d, 272, 141 A. L. R. 1219, note 1225-1237; *State ex rel. Comer* v. *Hall,* 173 Wash. 188, 22 P. 2d 295. But is relator's confinement valid? We think not. Notwithstanding the probation was void, the State proceeded as if it were valid, gave relator a rule to show cause, and proceeded with a hearing on the theory that he had violated a valid probation order. As the instant probation order was void, relator could not have been guilty of violation of parole. While it is true that relator was present at the hearing, he evidently was prompted to appear because of the rule, though he was under no obligation to do so. Neither the rule nor the order causing it to issue was in any sense an order of arrest. Relator came into court and appeared specially only for the purpose of moving the court to quash the rule but was subjected to inquiry as to his conduct following his release under the order of probation, an inquiry which had no legal justification. But it was upon the basis of this inquiry, coupled with the trial court's view that the order of probation was void, that it revoked the probation order and ordered relator to be confined to serve out the remainder of his sentence. In these circumstances, we think the order of re-confinement is void.

In *Ex parte Fisher, supra,* this Court held that a trial court having original jurisdiction of criminal cases is not prevented by a void suspension of sentence from executing the sentence "even though a longer period has elapsed after the sentence was imposed than that for which the convict was sentenced". Pt. 4 syl. In that case, upon defendant's motion, the sentence was suspended until the first day of the regular term, but defendant did not appear as provided by the suspension order,

after which she was arrested on a capias and placed in jail to serve her sentence, no part of which had been served. On the original application for a writ of habeas corpus, this Court ordered the prisoner remanded. Likewise a majority of the American cases hold that a defendant may be required to serve the full sentence of imprisonment, though the period for which he should have served under the sentence has lapsed. See cases in A. L. R. annotation to *Dawson* v. *Sisk, Judge, supra,* under note 15, at page 1231 of the annotation. Relator's release upon entry of the invalid probation order was upon his request, and notwithstanding he has served a part of the sentence imposed, the trial court would be warranted in requiring him to serve the remainder of the sentence not served. *Friske* v. *Circuit Court, etc.,* 51 S. D. 415, 214 N. W. 812, under circumstances where he is properly before the court for re-confinement. Had the prisoner been brought before the court properly for re-confinement, application of this principle would have been warranted.

Because the circuit court did not entertain the procedure, which seems to us would have been appropriate in this case, relator should be discharged.

*Prisoner discharged.*