294 S.E.2d 270

**Curtis L. BALL**

v.

**William WHYTE, Superintendent Huttonsville Correctional Center.**

**No. 14825.**

Supreme Court of Appeals of West Virginia.

July 15, 1982.

Michael & Kupec and Thomas W. Kupec, Clarksburg, for appellant.

Chauncey H. Browning, Atty. Gen. and Robert D. Pollitt, Asst. Atty. Gen., Charleston, for appellee.

NEELY, Justice:

This is an appeal by Curtis L. Ball from an order of the Circuit Court of Harrison County which sentenced him to one to ten years in the penitentiary for breaking and entering in violation of *W.Va.Code*, 61-3-11 [1973].

During the January 1977 Term of the Harrison County Grand Jury, a four count indictment was returned against the appellant for breaking and entering. On June 30, 1977, pursuant to a written plea bargain agreement, the appellant pled guilty to one count of breaking and entering. The court accepted the plea and the case was continued after the court granted appellant's motion for a pre-sentence investigation preliminary to a motion for proba-

tion. Abiding by the terms of the plea bargain, the State did not oppose the motion and at the conclusion of the proceedings the appellant was released on bond pending final disposition of his case.

On March 29, 1979, the appellant appeared before the court for sentencing at which time the court denied a motion for probation and sentenced him to one to ten years in the penitentiary with a recommendation that the minimum sentence of one year be served at Huttonsville Correctional Center. On October 4, 1979, this Court granted appellant's application for a writ of habeas corpus on the grounds that he had not received a copy of his transcript needed to perfect an appeal. A hearing was held in the circuit court, and the appellant was subsequently resentenced to the same term of imprisonment.

On this appeal, the appellant contends, *inter alia*, that the circuit court forfeited its right to sentence him because there was a delay of approximately twenty-one months between the time the guilty plea was entered and sentence was pronounced.

Our research reveals that this Court has not previously considered this precise issue. In *State v. Hudson*, 157 W.Va. 939, 206 S.E.2d 415 (1974), cited by the State's attorney, we did hold that the three-term rule was not applicable where the defendant is tried and convicted but not sentenced until a later term of court. We have other analogous cases but none which lends guidance for disposition of the issue involved in this case. *See generally, State ex rel. Calandros v. Gore*, 126 W.Va. 614, 29 S.E.2d 476 (1944); *Ex Parte Fisher*, 95 W.Va. 397, 121 S.E. 287 (1924). However, Rule 32 of the *West Virginia Rules of Criminal Procedure*, states in part: "Sentence shall be imposed without unreasonable delay." The language of this Rule is identical to Rule 32(a)(1), *F.R.Crim.P.* Our Rule was obviously patterned on the federal rule and the federal courts have addressed this issue.

■ It is well settled that passage of time alone will not bar imposition of sentence or require a defendant's discharge. *See, Welsh v. United States*, 348 F.2d 885 (6th Cir. 1965). However, in *Pollard v. United States*, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393, 399 (1957), the Supreme Court in a case involving the legality of a delayed sentence, stated: "The delay must not be purposeful or oppressive." Whether the delay amounts to an unconstitutional deprivation of rights depends upon the particular circumstances of each case. *Pollard*, 352 U.S. at 361, 77 S.Ct. at 486. In *Pollard*, the Court assumed *arguendo* that sentencing is part of trial for purposes of the right to a speedy trial under the Sixth Amendment. Some courts have adopted this same view and concluded that the speedy trial guarantee attaches to the sentencing process. *See, e.g., Whaley v. United States*, 394 F.2d 399 (10th Cir. 1968); *People v. Brown*, 260 Cal. App.2d 745, 67 Cal.Rptr. 288 (1968). We do not, however, find this view persuasive. We would follow those cases in which courts have made their decisions on due process grounds. *See, e.g., People v. Ruddell*, 46 Ill.2d 248, 263 N.E.2d 48 (1970); *Erbe v. State*, 25 Md.App. 375, 336 A.2d 129 (1975); *People v. Fay*, 10 N.Y.2d 374, 223 N.Y.S.2d 468, 179 N.E.2d 483 (1961).

■ In the case before us the record is totally devoid of any reason for the delay in sentencing. The case was initially continued for pre-sentence investigation preliminary to a motion for probation. The plea was taken on June 30, 1977; a pre-sentence report was submitted on October 19, 1977. A supplemental report was then prepared and submitted on February 16, 1979. The question we see is: why did the court delay sentencing from October of 1977 to March of 1979? If it was to give the appellant time to "stay clean" or in the alternative, to commit other crimes, then the delay was purposeful and oppressive and a violation of due process principles. If there was another legitimate reason for the delay or if the delay was merely caused through administrative oversight and was promptly remedied when discovered, then there was no deliberate attempt to harm the appellant and no violation of due process.

As in *State v. Houston*, 166 W.Va. 202, 273 S.E.2d 375 (1980), this is a case where the inquiry on remand involves the making of a record to resolve whether any error has been committed. The case is therefore reversed and remanded to the trial court to permit the reasons for the delay to be set forth on the record.*

Remanded with directions.

---

* The appellant also assigns as error the fact that the court did not set forth its reasons for denial of probation in the sentencing orders as required by *W.Va.Code*, 62–12–8 [1939]. Although we do not address this issue in this opinion, we would note that this question was resolved in the recent case of *State v. Godfrey*, 170 W.Va. 25, 289 S.E.2d 660 (1981).