No. 98,823

STATE OF KANSAS, *Appellee,* v. DAVID N. PRESSLEY, *Appellant.*
(223 P.3d 299)

Opinion filed January 22, 2010.

*Randall L. Hodgkinson,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Lesley A. Isherwood,* assistant district attorney, argued the cause, and *Nola Tedesco Foulston,* district attorney, and *Steve Six,* attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: David N. Pressley argues a 16-month delay to impose a criminal sentence violated his Sixth Amendment right to a speedy trial. We hold speedy trial requirements do not include sentencing as previously determined by this court in *State v. Freeman*, 236 Kan. 274, 280, 689 P.2d 885 (1984). We affirm the sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2005, Pressley was convicted of two aggravated robberies, aggravated burglary, and attempted aggravated robbery after a bench trial on stipulated facts. Sentencing was set for December 15, 2005. In the interim, Pressley was arrested on unrelated charges in neighboring Reno County and remained in custody there, causing him to miss his Sedgwick County sentencing hearing.

After being advised by Pressley's counsel why Pressley was unable to appear for sentencing, the Sedgwick County District Court ordered a bond forfeiture alias warrant. The court decided Pressley's sentencing would not be rescheduled until "Reno County is done with him." When the State asked if Pressley's bond would remain the same, the court stated, "Let's just put no bond allowed so we can get him in and out in a timely fashion and that will get set quicker for hearing that way." Pressley remained in custody until the Reno County proceedings concluded.

On December 19, 2006, Pressley pleaded guilty to his Reno County charges. It is unclear from the record how Sedgwick County learned about Pressley's conviction in Reno County, but his Sedgwick County sentencing was set for February 14, 2007. At that hearing Pressley requested a continuance to discuss with his counsel the effect the sentencing delay had on his case. The continuance was granted. Sentencing occurred on February 22, 2007.

The Reno County conviction impacted Pressley's Sedgwick County sentence by increasing his criminal history score from category H to category E. This resulted in a 22-month increase in Pressley's presumptive sentence on the primary offense, aggravated robbery. Pressley did not object. The court sentenced him to the standard presumptive sentence, 88 months. He timely filed

his appeal from the sentence and one of his aggravated robbery convictions.

Before the Court of Appeals, Pressley argued for the first time that the Sedgwick County sentencing delay violated his Sixth Amendment right to a speedy trial and negatively impacted his prison sentence by increasing his criminal history score after he returned to Sedgwick County. He contended the court should address the issue for the first time on appeal because it was "necessary to serve the ends of justice or prevent a denial of fundamental rights."

The Court of Appeals reached the issue by invoking K.S.A. 21-4721(e)(2), which allows an appellate court to review any claim that a criminal history score was calculated erroneously because of the wrongful inclusion or exclusion of a prior conviction. *Pressley*, slip op. at 7-8. Adhering to *Freeman*, the Court of Appeals held constitutional speedy trial rights do not apply to postconviction proceedings. *Pressley*, slip op. at 8. In addition, that court panel, *sua sponte*, held the facts did not support finding the delay was unreasonable under K.S.A. 22-3424, which requires sentencing to be "pronounced without unreasonable delay." *Pressley*, slip op. at 8-9.

Pressley petitioned this court for review. We granted review on the speedy sentencing issue only. Parenthetically, we note the State argued after review was granted that the Court of Appeals erred by addressing the speedy sentencing issue for the first time on appeal. That argument was settled in Pressley's favor because the State did not seek review on that point (see Supreme Court Rule 8.03[g][1] [2009 Kan. Ct. R. Annot. 66]), but we will briefly comment on it.

Accordingly, this opinion addresses the following issues: (1) Whether we will continue to adhere to *Freeman's* holding that the Sixth Amendment right to a speedy trial does not encompass sentencing; and (2) whether Pressley's statutory right under K.S.A. 22-3424 to sentencing without unreasonable delay was properly before the Court of Appeals.

DISCUSSION

Issue 1. *Sixth Amendment Right to a Speedy Trial*

The Sixth Amendment guarantees the right to a speedy trial. U.S. Const. amend. VI. Further, the Due Process Clause of the Fourteenth Amendment imposes that right on the states. *Klopfer v. North Carolina*, 386 U.S. 213, 222-23, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967). Pressley argues the United States Supreme Court held the right to a speedy trial extends through sentencing in *Pollard v. United States*, 352 U.S. 354, 1 L. Ed. 2d 393, 77 S. Ct. 481 (1957). But Pressley is wrong. The Court in that case only assumed the right existed for purposes of dealing with the litigant's issues. *Pollard*, 352 U.S. at 361 ("We will assume arguendo that sentencing is part of the trial for purposes of the Sixth Amendment.") Accordingly, *Pollard* does not hold the right to a speedy trial extends through sentencing.

Each state and federal Circuit Court of Appeals has been free to interpret whether the right to a speedy trial extends to sentencing because there is no controlling United States Supreme Court authority dealing with this question. Courts are divided on the question. See *Perez v. Sullivan*, 793 F.2d 249, 252-57 (10th Cir. 1986), *cert. denied* 479 U.S. 936 (1986); *Gonzales v. State*, 582 P.2d 630 (Alaska 1978); *Jolly v. State*, 358 Ark. 180, 189 S.W.3d 40 (2004); *Trotter v. State*, 554 So. 2d 313 (Miss. 1989) (all holding the Sixth Amendment right to speedy trial includes speedy sentencing). Compare *State v. Drake*, 259 N.W.2d 862 (Iowa 1977), *overruled on other grounds State v. Kaster*, 469 N.W.2d 671 (Iowa 1991); *State v. Johnson*, 363 So. 2d 458 (La. 1978); *Ball v. Whyte*, 170 W.Va. 417, 294 S.E.2d 270 (1982) (all holding the Sixth Amendment right to speedy trial does not encompass speedy sentencing).

In 1984, this court refused to recognize that the Sixth Amendment encompasses the right to speedy sentencing. *Freeman*, 236 Kan. at 280. Pressley fails to address this case in his brief and gives us no reason why it should be reconsidered or was wrongly decided. In *Freeman*, this court plainly stated: "A delay of sentencing from a defendant's plea or from a finding of guilty after a trial does not deprive a defendant of the right to a speedy trial." 236 Kan. at 280.

The *Freeman* court reached its conclusion by noting the constitutional speedy trial considerations set out by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 532, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972), and discussed by this court in *State v. Mick*, 229 Kan. 157, 159, 621 P.2d 1006 (1981). *Freeman*, 236 Kan. at 280. Those considerations are: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the possibility that the accused's defense efforts will be impaired. *Mick*, 229 Kan. at 159 (citing *Barker*, 407 U.S. at 532).

Without further discussion, the *Freeman* court concluded none of these factors are present after a criminal defendant has pleaded or been found guilty and is awaiting sentence. *Freeman*, 236 Kan. at 280. To support its conclusion, the court referenced decisions from two other states, Pennsylvania and Texas, also holding the right to a speedy trial does not encompass sentencing. 236 Kan. at 280 (citing *Com. v. Hill*, 267 Pa. Super. 264, 406 A.2d 796 (1979), and *Easley v. State*, 564 S.W.2d 742 (Tex. Crim. App. 1978). But in referencing these two decisions, the court did not acknowledge other contemporary case law adopting an approach that assumed or recognized the right existed, including a Pennsylvania case following *Pollard's* example. See *Juarez-Casares v. United States*, 496 F.2d 190 (5th Cir. 1974); *Gonzales*, 582 P.2d 630; *Com. v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980).

In the 25 years since *Freeman* was decided, we note Pennsylvania now has fully adopted the position that the Sixth Amendment applies to sentencing. See *Com. v. Greer*, 382 Pa. Super 127, 134, 554 A.2d 980 (1989) ("Rather than merely continue to perpetuate the assumption that the Speedy Trial Clause applies to sentencing, we will treat the subject as established law."). In Texas, we are aware of no published opinions taking a contrary view from that state's previous decision. But we note an unpublished decision in which a Texas appellate court assumed the right existed and applied the factors based on that assumption. *Crocker v. State*, 1997 WL 695405 (Tex. App. 1997) (unpublished opinion).

But these are not reasons to depart from our holding in *Freeman*. As noted above, there are states that do not find the speedy trial

right applies to sentencing. In addition, our state has addressed the concern in K.S.A. 22-3424(c), which requires: "If the verdict or finding is guilty, judgment shall be rendered and sentence pronounced without unreasonable delay, allowing adequate time for the filing and disposition of post-trial motions and for completion of such presentence investigation as the court may require."

In addition, the well-established doctrine of stare decisis generally requires that once a point of law has been established it will be followed by the same court and all courts of lower rank in subsequent cases pertaining to the same legal issue. A court of last resort will follow the rule of law it established unless clearly convinced the rule was originally erroneous or is no longer sound because of changing conditions and more good than harm will come by departing from precedent. *Crist v. Hunan Palace, Inc.*, 277 Kan. 706, 715, 89 P.3d 573 (2004). Admittedly the doctrine is at its weakest in the constitutional field, but absent a ruling from the United States Supreme Court explicitly extending speedy trial protections to sentencing, we see no reason to change course. See *State v. Hoeck*, 284 Kan. 441, 463, 163 P.3d 252 (2007) (citing *Payne v. Tennessee*, 501 U.S. 808, 827-28, 115 L. Ed. 2d 720, 111 S. Ct. 2597, *reh. denied* 501 U.S. 1277 [1991]).

Accordingly, we affirm the Court of Appeals' decision applying *Freeman* as a bar to Pressley's presentation of a constitutional right to a speedy sentence under the Sixth Amendment.

## Issue 2. *Court of Appeals' Consideration of K.S.A. 22-3424*

We briefly address this second issue only to point out the Court of Appeals erred by analyzing whether Pressley's statutory protection from unreasonable delay in sentencing under K.S.A. 22-3424(c) was violated. The Court of Appeals determined the statutory right was not violated, but a review of the briefs on appeal shows Pressley never properly raised the issue.

It is undisputed that Pressley did not make this statutory claim to the district court. His sole reference to the statute came in his appellate brief where he stated, "Kansas law and the Sixth Amendment require that sentencing must occur without unreasonable delay. K.S.A. 22-3424(c)." Pressley made no argument regarding the

statute and provided no analysis to assert a statutory argument on appeal.

To the extent Pressley wished to raise a statutory claim in addition to the Sixth Amendment challenge, we deem it waived for failure to adequately address the matter. *State v. Harned*, 281 Kan. 1023, 1048, 135 P.3d 1169 (2006) (claims raised in passing without argument or citation to authority are deemed waived). We find it was error for the Court of Appeals to address the statutory issue, though it ultimately found the statute was not violated. Appellate courts do not ordinarily consider issues the parties failed to raise unless an issue's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights. *State v. Adams*, 283 Kan. 365, 367, 153 P.3d 512 (2007). No such circumstances were presented in this case.

Affirmed.