NOT DESIGNATED FOR PUBLICATION

No. 112,912

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MANDA BIETKA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; DAVID R. PLATT, judge. Opinion filed October 30, 2015. Affirmed.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Chris Biggs*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and POWELL, JJ.

*Per Curiam*:  Manda Bietka appeals the district court's decision revoking her probation. Because we conclude the district court did not abuse its discretion, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Bietka pled no contest to criminal threat and theft and guilty to battery against a law enforcement officer. On February 21, 2014, despite Bietka's criminal history score of B, her 29 prior convictions, and a presumptive prison sentence for the criminal threat offense, the district court granted Bietka a downward dispositional departure and placed

1

her on probation for 12 months with an underlying prison sentence of 14 months. The district court informed Bietka that if she violated her probation she would be required to serve her underlying prison sentence. Bietka stated she understood.

On July 29, 2014, the State filed a motion to revoke Bietka's probation, alleging that she violated her probation's requirement to remain crime free when she was arrested for criminal threat, criminal damage to property, aggravated assault, aggravated battery, and battery. Bietka stipulated to this probation violation; as a result, the district court revoked her probation and ordered Bietka to serve her underlying sentence. At the time of the revocation hearing, Bietka had neither pled to nor been convicted of the crimes she stipulated to committing.

Bietka timely appeals the probation revocation.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION?

On appeal, Bietka claims the district court erred in revoking her probation because, although she had stipulated to violating her probation, she had not yet been convicted of the crimes alleged. It is well established that our review of a district court's decision to revoke probation is for an abuse of discretion. *State v. Lumley*, 25 Kan. App. 2d 366, 370, 963 P.2d 1238 (1998), *aff'd* 267 Kan. 4, 977 P.2d 914 (1999). An abuse of discretion occurs if the judicial action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

To determine if the revocation of Bietka's probation was proper, we must first determine if the district court erred in interpreting K.S.A. 2014 Supp. 22-3716(c)(8). Then, we must determine if the district court abused its discretion in revoking her probation.

2

First, interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). Here, K.S.A. 2014 Supp. 22-3716(c)(8) states the court may revoke probation without intermediate sanctions "[i]f the offender *commits* a new felony or misdemeanor." (Emphasis added.) The legislature used the language "commits" and not "is convicted of." Therefore, according to the plain language of the statute, a conviction is not necessary to revoke one's probation. Bietka's argument that a conviction is necessary before probation may be revoked therefore lacks merit.

In addition, Bietka seemingly ignores that she stipulated to the violations of her probation. "'Parties are bound to their stipulations . . . and a trial court or appellate court must render judgment based on those stipulated facts.' [Citations omitted.]" *State v. Bannon*, 45 Kan. App. 2d 1077, 1089, 257 P.3d 831 (2011) (holding defendant to stipulation in diversion agreement), *rev. denied* 293 Kan. 1109 (2012). Bietka stipulated to violating her probation by failing to remain crime free. As criminal defendants are held to their stipulations, the district court did not err in determining Bietka violated her probation based on the contents of her stipulation.

Second, Bietka argues the district court abused its discretion by revoking her probation. Probation from service of a sentence is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, and not as a matter of right.' [Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probations, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

3

Here, the district court warned Bietka at her original sentencing hearing that if she did not follow the terms of her probation she would be required to serve her underlying sentence. Bietka indicated she understood the implications. At the probation revocation hearing, the court specified that the reasons for revoking Bietka's probation were based on (1) the underlying sentence being presumptive prison and (2) Bietka's stipulation to violating her probation. Based on the record, we cannot find that the district court abused its discretion in revoking Bietka's probation.

Affirmed.