NOT DESIGNATED FOR PUBLICATION

No. 119,822

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK ANDREW RAIMO,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed April 3, 2020. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM:  Mark Andrew Raimo appeals the district court's order revoking his probation and requiring him to serve his underlying prison sentence. Raimo contends the district court violated K.S.A. 2019 Supp. 22-3716 and his constitutional right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and § 18 of the Kansas Constitution Bill of Rights. First, Raimo alleges that although he stipulated to violating his probation, the district court erred by failing to verbally state that he violated his probation. Next, Raimo claims that despite his agreement to serve the

underlying prison sentence, the district court erred by failing to pronounce its imposition of the underlying sentence. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2016, Raimo pled guilty to aggravated burglary, violating a protective order, contributing to a child's misconduct, and three counts of felony theft. Raimo received a controlling sentence of 72 months in prison. However, the district court granted a dispositional departure and placed Raimo on probation for a term of 36 months.

In 2017, Raimo was arrested for committing numerous traffic violations—including felony fleeing and eluding—after driving 122 miles per hour in a 65 mile-per-hour speed zone. After Raimo's arrest, the State filed a motion to revoke his probation in the 2016 case, alleging he committed crimes while on probation and failed to pay court costs. Raimo and the State entered into a plea agreement in which (1) Raimo would stipulate that he violated his probation and agree to serve the underlying sentence in the 2016 case, (2) Raimo would plead guilty to fleeing and eluding in the 2017 case, and (3) the State would dismiss two charges in the 2017 case.

At a probation revocation hearing, Raimo stipulated to violating his probation and agreed to serve the underlying prison sentence in keeping with the plea agreement. The following colloquy occurred with the district judge:

> "THE COURT: . . . [I]t is my understanding that today you wish to waive your right to a hearing in that case and stipulate that you have in fact violated your probation as alleged by the State in its motion; is that correct?
> "[RAIMO]: Yes, sir.
> "THE COURT: All right. I will accept your stipulation and your waiver of hearing. And, Mr. Raimo, you heard me have this conversation. Is it your decision to go ahead and simply serve your time in that case?

2

"[RAIMO]:  Yes, sir.

. . . .

"THE COURT:  And I'm sorry if I'm having a brain cramp, here. Do I need to put down that that's consecutive to [the 2017 case]?"

In accordance with Raimo's stipulation, the district court in a journal entry found that Raimo violated his probation by committing a new crime. As a result, the district court revoked Raimo's probation and ordered him to serve his underlying prison sentence. Raimo appeals the revocation of his probation.

REVOCATION OF PROBATION

Raimo contends the district court erred when it revoked his probation and he requests a new probation violation hearing. Raimo claims the district court violated K.S.A. 2019 Supp. 22-3716 and his due process rights during the probation violation hearing because the court (1) failed to expressly state that he violated his probation and (2) failed to pronounce that it was imposing the underlying sentence.

*Preservation*

Raimo recognizes that he raises this issue for the first time on appeal. In general, issues not raised before the district court may not be raised for the first time on appeal. *State v. Ross*, 310 Kan. 216, 227, 445 P.3d 726 (2019). However, our Supreme Court has recognized three exceptions to this rule:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court's ruling is right but its reasoning is wrong. *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019). Raimo argues that we should consider the merits of his claim under the first and second exceptions.

3

The issue of whether the district court violated K.S.A. 2019 Supp. 22-3716 and Raimo's due process rights when revoking his probation is a question of law based on proved facts and is determinative of the case. The issue is based on the undisputed facts contained in the transcript of Raimo's probation revocation hearing. When determining whether a district court complied with due process requirements in revoking a defendant's probation, our court applies an unlimited standard of review. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). Likewise, issues involving statutory interpretation present a question of law over which appellate courts have unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

We find that Raimo's claim to an exception has merit. As a result, we will consider Raimo's appeal.

*Analysis*

A district court's decision to revoke probation involves two steps: (1) A factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to whether the proved violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). This two-step approach is reflected in K.S.A. 2019 Supp. 22-3716(b)(3)(A), which provides that "[1] if . . . a violation is established, [2] the court may impose the violation sanctions as provided in subsection (c)(1)."

When reviewing a due process claim, we first determine whether a protected liberty or property interest is involved. *Village Villa v. Kansas Health Policy Authority*, 296 Kan. 315, 331, 291 P.3d 1056 (2013). While the decision to impose probation is an act of grace, once a defendant is granted probation, "he or she acquires a conditional liberty interest which is subject to substantive and procedural due process limits on its

4

revocation." *Hurley*, 303 Kan. at 581. Since a protected interest is implicated, we must determine the nature and extent of the process that is due. *Village Villa*, 296 Kan. at 331.

Due process is flexible in that not all situations calling for procedural safeguards call for the same kind of procedure. See *In re Care & Treatment of Ellison*, 305 Kan. 519, 526, 385 P.3d 15 (2016). But a due process violation exists only if the complaining party shows that he or she was denied a specific procedural protection to which he or she is entitled. See *In re K.E.*, 294 Kan. 17, 22, 272 P.3d 28 (2012). The basic elements of procedural due process are notice and "the opportunity to be heard at a meaningful time and in a meaningful manner." *In re Care & Treatment of Ellison*, 305 Kan. at 526. When determining what due process protections are required, this court examines three factors:

> "(1) the private interest affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens the additional or substitute procedural requirements would entail." *In re Care & Treatment of Ontiberos*, 295 Kan. 10, 22, 287 P.3d 855 (2012).

The revocation of a defendant's probation is not part of a criminal prosecution and, therefore, the full panoply of rights in a criminal case is not applicable to a probation revocation proceeding. *State v. Galaviz*, 296 Kan. 168, 174, 291 P.3d 62 (2012). The United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 488-89, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), established minimum due process rights for parolees and later extended those rights to probationers in *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). As formulated by our Supreme Court:

> "'Minimum due process includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him or her, the opportunity to be heard in person and to present evidence and witnesses, the right to confront and cross-

examine adverse witnesses, a neutral and detached hearing body, and a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. The probationer also has a right to the assistance of counsel.'" *Hurley*, 303 Kan. at 582 (quoting *State v. Billings*, 30 Kan. App. 2d 236, 238, 39 P.3d 682 [2002]).

Our Supreme Court has held that the statute governing probation revocations—K.S.A. 22-3716—satisfies all constitutional requirements necessary in probation revocation proceedings. *State v. Rasler*, 216 Kan. 292, 296, 532 P.2d 1077 (1975).

*District Court Finding that Raimo Violated His Probation*

Raimo claims the district court violated his statutory and due process rights during his probation revocation hearing by failing to orally state that he violated his probation. However, Raimo fails to show that a verbal pronouncement by the district court specifying that he violated his probation—after Raimo stipulated to that same fact—is a procedural protection required by due process. Raimo argues that a district court's failure to make factual findings disrupts an appellate court's ability to review district court decisions. But this argument is not convincing given that the district court made a factual finding in the journal entry that Raimo violated his probation by committing new crimes.

Importantly, the United States Supreme Court in *Gagnon* did not include oral pronouncements of a hearing body's findings in its list of due process rights afforded to probationers during a revocation proceeding. Instead, the Court determined that due process requires a written statement that cites the reasons for revoking probation, which was satisfied in this case when the district court filed the journal entry. See *State v. Kennon*, No. 102,936, 2010 WL 3662890, at *2 (Kan. App. 2010) (unpublished opinion).

Moreover, a verbal pronouncement that a defendant violated his probation is not required by K.S.A. 2019 Supp. 22-3716. The statute provides that a district court may impose certain sanctions "if . . . a violation is established." K.S.A. 2019 Supp. 22-

6

3716(b)(3)(A), (c)(1). When the district court accepted Raimo's stipulation that he violated his probation, a probation violation was established and the district court could impose a sanction as a result of that violation. See *State v. Bannon*, 45 Kan. App. 2d 1077, Syl. ¶ 6, 257 P.3d 831 (2011) ("Parties are bound to their stipulations, and a trial court or appellate court must render judgment based on those stipulated facts.").

Our Supreme Court considered a comparable issue in *State v. Phillips*, 299 Kan. 479, 492-97, 325 P.3d 1095 (2014), where the court rejected Phillips' argument that the criminal mistrial statute requires an oral pronouncement from the bench that formally declares a mistrial. The mistrial statute at issue provided that "[w]hen a mistrial is ordered, the court shall direct that the case be retained on the docket for trial . . . ." K.S.A. 22-3423. The district court in *Phillips* noted that the jury was deadlocked, discharged the jury, and discussed the scheduling of a retrial without formally declaring a mistrial on the record. The Kansas Supreme Court determined that K.S.A. 22-3423 does not require the district court to use specific words or a specific pronouncement which uses the term mistrial. Instead, the court held that the district court's words and actions in discharging the jury had the effect of declaring a mistrial and amounted to the functional equivalent of an order. 299 Kan. at 497.

Like the mistrial statute analyzed in *Phillips*, K.S.A. 2019 Supp. 22-3716 does not require the use of specific words in finding that a defendant violated his or her probation. Moreover, even if the district court were required to pronounce that Raimo committed a probation violation, the court's expressed acceptance of his stipulation amounted to the functional equivalent of a probation violation finding.

We hold the district court did not violate K.S.A. 2019 Supp. 22-3716 or Raimo's due process rights by failing to verbally pronounce that he violated his probation.

*Oral Pronouncement Imposing Raimo's Underlying Sentence*

Raimo next argues that the district court erred during his probation revocation hearing by failing to orally pronounce that it was imposing Raimo's underlying prison sentence.

Our court has previously rejected the argument that a district court must verbally pronounce the disposition of a defendant's sentence at a revocation hearing. *State v. Orozco*, No. 111,001, 2014 WL 6490239, at *2-3 (Kan. App. 2014) (unpublished opinion). In *Orozco*, the State asked the district court to revoke Orozco's probation and impose his original sentences. The district court revoked Orozco's probation, but failed to pronounce that it imposed his underlying sentences. Relying on several unpublished opinions, our court rejected Orozco's argument that a district court must pronounce an express term of imprisonment at a probation violation hearing. Our court reasoned that (1) nothing in K.S.A. 22-3716 requires the district court to pronounce the sentence when revoking a defendant's probation, and (2) the record was clear that the district court granted the State's request to revoke Orozco's probation and ordered him to serve his original underlying sentence. 2014 WL 6490239, at *3.

Raimo asserts that *Orozco* was wrongly decided. He claims that due process requires an oral pronouncement of an imposed sentence despite the lack of any statutory requirement in K.S.A. 22-3716. Moreover, Raimo asserts that the district court's failure to verbally pronounce its imposition of the underlying sentence impedes his ability to effectively seek appellate review of that decision. But Raimo does not explain how appellate review of the district court's decision to impose the underlying sentence is impeded due to the lack of an oral pronouncement of the same disposition.

Contrary to Raimo's argument, our Supreme Court has consistently held that the procedural protections in K.S.A. 22-3716 satisfy all due process requirements for

8

probation revocation proceedings. *Hurley*, 303 Kan. at 582; *Rasler*, 216 Kan. at 296. Our court is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We find no indication that our Supreme Court is departing from its previous position. Accordingly, we hold that due process does not require the procedural step not contained in K.S.A. 22-3716 of orally pronouncing the imposition of a defendant's sentence at a revocation hearing.

Moreover, the record is clear that the district court followed the parties' agreement and ordered Raimo to serve his original underlying sentence upon revoking his probation. The district court asked Raimo whether he agreed to "simply serve [his] time" in the case. After Raimo responded, "Yes, sir," both defense counsel and the State confirmed that Raimo agreed to serve the underlying prison sentence. After the hearing, the district court filed a journal entry ordering Raimo to serve the original underlying sentence because he committed a new crime.

Accordingly, the district court did not violate Raimo's statutory or due process rights during the probation revocation hearing by failing to verbally pronounce that it was imposing the underlying sentence.

Affirmed.

9